```
            UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS

MARK MULDOWNEY,                )
        Plaintiff,             )
                               )
    v.                         )   C.A. No. 04-11740-GAO
                               )
RICK SMITH,                    )
        Defendant.             )
```

### MEMORANDUM

For the reasons set forth below, plaintiff is advised that his amended complaint is subject to dismissal unless plaintiff demonstrates good cause why his amended complaint should not be dismissed.

### BACKGROUND

Plaintiff Mark Muldowney, a pro se litigant, filed a complaint against the Wakefield Chief of Police for the alleged violation of plaintiff's constitutional rights. Muldowney filed this suit on August 6, 2004, precisely one week after the undersigned dismissed a nearly identical complaint for failure to state a claim. See Muldowney v. Smith, Civil Action No. 03-11809-GAO (Order of July 30, 2004).

On September 22, 2004, plaintiff filed a motion to amend complaint accompanied by the amended complaint. See Docket Nos. 4, 5.

### REVIEW

Because plaintiff seeks to file this action without prepayment of the filing fee, a summons has not issued in

order to allow the Court to review plaintiff's amended complaint to determine if it satisfies the requirements of the federal in forma pauperis statute. See 28 U.S.C. § 1915. Section 1915 of title 28 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). In forma pauperis complaints may be dismissed sua sponte and without notice under Section 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

### DISCUSSION

As an initial matter, the Court notes that plaintiff's motion to file an amended complaint will be denied as moot. The Federal Rules of Civil Procedure provide that a "party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served...." Fed. R. Civ. P. 15(a). Here, plaintiff may amend his complaint as a matter of course.

In any event, although pro se complaints are entitled to a close and sympathetic reading, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), plaintiff is barred by the doctrine of res judicata from reasserting the earlier claims against this defendant.

Plaintiff's amended complaint raises the same issues brought against Rick Smith in Muldowney v. Smith, Civil Action No. 03-11809-GAO. By Order dated July 30, 2004, defendant Smith's motion to dismiss was granted. See Muldowney v. Smith, Civil Action No. 03-11809-GAO (Order of July 30, 2004).

Generally, res judicata is an affirmative defense that must be pleaded, not raised sua sponte. Fed.R.Civ.P. 8(c). However, in "special circumstances" it may be appropriate for a court to raise a res judicata issue on its own. Arizona v. California, 540 U.S. 392, 412, 120 S. Ct. 2304, 2317, 147 L. Ed. 2d 374 (2000) (when the court has already decided an issue, it can protect itself against the burden of examining the same issue again); see also Hewlett-Packard Co. v. Genrad, Inc., 882 F. Supp. 1141, 1155 n. 18 (D. Mass. 1995) (recognizing authority for principle that this court may raise the affirmative defenses sua sponte but declining to do so) (citing United Home Rentals v. Texas Real Estate Commission, 716 F.2d 324, 330 (5th Cir.), rehearing denied, 720 F.2d 677 (5th Cir. 1983), cert. denied, 466 U.S. 928, 104 S. Ct. 1712,

80 L. Ed. 2d 185 (1984) ("in the interest of judicial economy res judicata may properly be raised by a district court sua sponte "); Alyeska Pipeline Service Co. v. United States, 688 F.2d 765, 771, 231 Ct. Cl. 540 (1982), cert. denied, 461 U.S. 943, 103 S. Ct. 2120, 77 L. Ed. 2d 1301 (1983) ("when necessary, the court may raise the question of claim or issue preclusion sua sponte ")).

That special circumstance is present here. The instant action is subject to dismissal pursuant to the doctrine of res judicata because it is in effect a refiling of the earlier action. Under the federal doctrine of res judicata,[1] a final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have been raised in that action. Havercombe v. Dep't of Educ., 250 F.3d 1, 3 (1st Cir. 2001) (citation omitted). Res judicata requires (1) a final judgment on the merits in an earlier action; (2) an identity in the causes of action in the earlier and later suits; and (3) an identity of parties or privies in the two suits. Kale v. Combined Ins. Co. of Am., 924 F.2d 1161, 1165 (1st Cir. 1991).

---

[1] The res judicata analysis is governed by federal law because the original action was litigated in this court. Andrews-Clarke v. Lucent Techs. Inc., 157 F. Supp. 2d 93, 99 (D. Mass. 2001) (citing In re: Iannochino, 242 F. 3d 36, 41 (1st Cir. 2001) ("Federal res judicata principles govern the res judicata effect of a judgment entered in a prior federal suit ....")).

4

Here, the first factor of the res judicata test is met because the 2003 action was dismissed on the merits. <u>Swaida v. Gentiva Health Servs.</u>, 238 F. Supp. 2d 325, 327-328 (D. Mass. 2002) (dismissal for failure to state claim is judgment on merits for res judicata purposes and there need be no specific notification that dismissal was on merits since it is presumed to be with prejudice unless order explicitly states otherwise).

Second, the causes of action in plaintiff's amended complaint and the 2003 complaint are sufficiently identical because they involve the same transaction or occurrence: defendant's alleged surveillance of plaintiff. See <u>Manego v. Orleans Board of Trade</u>, 773 F.2d 1, 5 (1st Cir. 1985); <u>see</u> <u>Havercombe</u>, 250 F.3d at 9.

Finally, the third factor, identity of the parties, is clearly the same as the parties in both actions are identical. Therefore, plaintiff's amended complaint is subject to dismissal based on res judicata. See <u>Kale</u>, 924 F.2d at 1166 (affirming dismissal).

<u>CONCLUSION</u>

ACCORDINGLY, plaintiff's amended complaint is subject to dismissal without further notice under 28 U.S.C. § 1915(e)(2) within thirty-five (35) days of the date of this Memorandum and Order unless before that time plaintiff demonstrates good cause why they should

not be dismissed for the reasons stated above.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>12th</u> day of <u>November</u>, 2004.

                                         <u>/s/ George A. O'Toole, Jr.</u>
                                         GEORGE A. O'TOOLE, JR.
                                         UNITED STATES DISTRICT JUDGE